Filed 7/10/25  Miri v. AlignerCo Corp. CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SARA MIRI,<br><br> Plaintiff and Appellant,<br><br>v.<br><br>ALIGNERCO CORP.,<br><br> Defendant and Respondent. | A172220<br><br>(Alameda County Super. Ct. No. 23CV030735) |

**MEMORANDUM OPINION[1]**

Plaintiff and appellant Sara Miri appeals, in propria persona, from an order imposing terminating sanctions for failure to comply with discovery obligations and the ensuing judgment dismissing her case.  In briefing that is lengthy, prolix, and largely in violation of the California Rules of Court, Miri claims the trial court abused its discretion.  We affirm.

We first address the state of Miri's briefing.  While Miri provides some citations to the record on appeal, much of her text, including most of her 18-page statement of facts set forth on pages 7 through 25 of her opening brief,

---

[1]  We resolve this case by memorandum opinion under California Standards of Judicial Administration section 8.1.  We discuss the factual background only briefly as the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

includes no record citations. Page 11 of her opening brief, for example, contains not a single citation to the record. Pages 9, 12, and 13 of her opening brief have but a single citation to a single page of the record. In short, the vast majority of the sentences in her statement of facts are unsupported by any citation to the record. "Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' It is well established that ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" ' [Citation.] This rule applies to matters referenced at any point in the brief, not just in the statement of facts." (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.) "Rule 8.204(a)(1)(C) [of the California Rules of Court] is intended to enable the reviewing court to locate relevant portions of the record 'without thumbing through and rereading earlier portions of a brief.' [Citation.] To provide record citations for alleged facts at some points in a brief, but not at others, frustrates the purpose of that rule, and courts will decline to consider any factual assertion unsupported by record citation at the point where it is asserted." (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8.) Given this patent deficiency of Miri's briefing, we conclude she has waived her multitudinous arguments on appeal.

Nevertheless, given the severity of the sanction the trial court ultimately imposed, we have taken a close look at the court's discovery orders.

To begin with, the orders reveal that Miri's briefing on appeal suffers from another fundamental deficiency, namely that she has not addressed the

robust evidentiary showing made by AlignerCo in support of its three motions to compel and for sanctions which led to the dismissal of Miri's case. "In every appeal, the appellant has the duty to fairly summarize all of the facts in the light most favorable to the judgment." (*Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1173.) "When an appellant's opening brief states only the favorable facts, ignoring evidence favorable to respondent, the appellate court may treat the substantial evidence issues as waived and presume the record contains evidence to sustain every finding of fact." (*Id.* at pp. 1173–1174; *Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1072; *Defend the Bay v. City of Irvine* (2004) 119 Cal.App.4th 1261, 1266 ["As with all substantial evidence challenges, an appellant challenging [a finding of fact] must lay out the evidence favorable to the other side and show why it is lacking. Failure to do so is fatal. A reviewing court will not independently review the record to make up for appellant's failure to carry his burden."].) Thus, Miri has waived her claims on appeal—all of which challenge the findings of the trial court—on this ground, as well.

In any case, the orders also reveal the trial court took careful and measured steps in an effort to motivate Miri to respond to what were routine discovery requests and that it acted *well* within its discretion in finally imposing terminating sanctions for her repeated refusal to comply with the court's orders to provide code-compliant discovery responses. The orders, which cite to the evidence on which the court relied, also reflect that the court was thoroughly conversant with the filings and evidentiary materials before it.

***First Order to Compel***

Miri filed her original complaint against AlignerCo on April 7, 2023, stating a single cause of action for product liability and alleging she was damaged by clear dental aligners manufactured by and purchased from AlignerCo. Four months later, in August, AlignerCo electronically served form interrogatories, special interrogatories, requests for admissions, and requests to produce documents. The following month, AlignerCo reserved the same discovery by U.S. mail since Miri refused to agree to electronic service. After Miri failed to respond, AlignerCo moved to compel responses.

The trial court granted the motion in a single-spaced, two and a half-page order issued on February 2, 2024. As to Miri's failure to meet and confer with AlignerCo's counsel, the court observed Miri claimed to have called the company but was told no one was available to discuss the discovery. Miri did not provide any evidence, however, "such as a declaration," "establishing any effort" to comply with statutory meet and confer requirements. Indeed, at the hearing Miri admitted she never attempted to contact defense counsel, but instead had called the company. The court next pointed out Miri had filed no responses prior to the hearing on the motion to compel and her belatedly filed responses were not verified as required by the discovery statutes. Nevertheless, the court declined to deem the matters admitted and allowed Miri time to verify her answers, warning her that if she failed to provide proper verification, the court would, on AlignerCo's ex parte application, order the matters admitted. As to the remaining discovery requests, the court granted the motion to compel and ordered Miri to "provide verified, code compliant responses—without objections—" within 20 days. The court also imposed $1,044.50 in sanctions for Miri "repeatedly fail[ing] to comply with fundamental procedural rules,

4

such as the requirement to serve opposing counsel with court filings and discovery responses." "Continued failures to comply" warned the court could "result in the further imposition of sanctions, monetary or otherwise."

Miri moved for " 'rehearing' " of the order, which the court denied as untimely and procedurally defective. She then filed a notice of appeal.

***Second Order to Compel***

Within 20 days, Miri filed responses. But these consisted "solely of objections to all the interrogatories and all but two requests for production." When AlignerCo's counsel asked her for supplemental responses, she refused on the ground her appeal of the prior order was pending and also asserted " 'constitutional and other valid objections such as privileges.' " AlignerCo moved for issue, evidentiary, and/or terminating sanctions or, alternatively, to compel further responses and impose monetary sanctions.

In a single-spaced, three-page order issued on May 21, 2024, the court granted the motion, finding Miri "engaged in misuse of the discovery process by disobeying the court's order to provide responses without objections, by including unmeritorious objections in the responses, and by opposing this motion without substantial justification." The court rejected each of Miri's three opposing arguments. First, the record did not support Miri's claim that her delay in responding was due to defense counsel's conduct nor did it support her claim that counsel had not been truthful about fees incurred in addressing Miri's failure to provide responses. Second, Miri's objections to the discovery requests were not meritorious and in any case she had, as the court had explained at the prior hearing, waived all objections by failing to provide timely responses. (Code Civ. Proc., §§ 2030.290, subd. (a) & 2031.300, subd. (a).) Third, the record did not support Miri's claim that defense counsel was at fault for failing to file a meet and confer statement.

5

The court concluded Miri had "unquestionably failed to comply" with its prior discovery order.

Nevertheless, the court declined to impose issue, evidentiary, or terminating sanctions, stating that while it had "some doubt" as to Miri's willingness to comply with discovery obligations, it was not yet prepared to find she had "demonstrated a *pattern* of repeated noncompliance." It therefore ordered Miri to supply responses, without objections, by June 7. If she failed to do so, the court warned it might impose issue, evidentiary, or terminating sanctions, the latter, the court explained in its order, being justified for " 'willful' " discovery abuse " 'preceded by a history of abuse' " and evidence that " 'less severe sanctions would not produce compliance with the discovery rules.' " In short, the court gave Miri full notice that failure to comply with the court's orders could well lead to terminating sanctions. The court also imposed $1,842.50 in additional monetary sanctions.

Miri moved for "reconsideration" of this order, which the court denied on grounds her motion was procedurally defective both because it was not timely served and because she did not demonstrate any of the requisite grounds for reconsideration, i.e., "new or different facts, circumstances, or law." (Code Civ. Proc., § 1008, subd. (b).)

In the meantime, this court dismissed Miri's appeal from the court's prior discovery order on the ground it was not an appealable order. She then moved to " 'reinstate' " the appeal, which this court also denied.

### Order Imposing Terminating Sanctions

Miri again provided non-code compliant responses, and AlignerCo again moved for issue, evidentiary, and/or terminating sanctions.

The motion first came on for hearing on November 21, 2024. The court first observed that Miri's "further written responses to some of defendant's

6

discovery requests are plainly not code-compliant." Further, some of her responses included "objections, although not styled as such, in violation of the court's prior order." However, AlignerCo's separate statement did not comply with the formatting requirements of California Rules of Court, rule 3.1345(c). Accordingly, the court continued the matter to allow AlignerCo to file an amended separate statement in support of its motion and to allow Miri to respond to the amended statement.

The motion came on for hearing again on December 19, and in a single-spaced, six-page order filed the same day, the court granted the motion. The trial court rejected Miri's arguments that some of the discovery requests were " 'not outstanding' " and others were "objectionable," that she could not comply unless the requests were "clarified and explained to her," and that she did not understand the meaning of the "phrases 'any things,' 'any documents,' or 'any information.' " The court was also unpersuaded by Miri's refusal to disclose the identities of her health care providers on the ground issuing subpoenas for their appearance was "premature."

The court also pointed out that when it had continued the hearing on AlignerCo's motion so it could file an amended and procedurally compliant separate statement and Miri could respond, it had observed that Miri had once again failed to comply with the court's orders requiring her to provide non-objected-to and code-compliant responses. Yet, in her response to AlignerCo's amended statement, Miri continued to "reiterat[e] her objections to the underlying discovery requests."

The trial court summed up that "[d]espite defendant's efforts to meet and confer and filing of three motions to compel and for sanctions, two court orders denying plaintiff's requests for reconsideration, and the imposition of substantial monetary sanctions on two occasions," Miri had "not yet complied

with the court's prior orders to produce responses to defendant's discovery requests." Miri's offer at the hearing to provide the court, but not defendant, with the identity of her treating orthodontist and several documents, was said the court "too little too late."

"From this pattern of protracted and repeated noncompliance, despite multiple orders and the imposition of sanctions, the court infer[red] that [Miri's] noncompliance [was] willful, that monetary sanctions [had] not [been] sufficient to bring about compliance, and that absent the issuance of more serious, nonmonetary sanctions, the conduct w[ould] continue." Thus, the court found the imposition of nonmonetary sanctions was "therefore necessary and appropriate."

The court then embarked on a detailed review of the extent, and significance, of the discovery Miri refused to provide, pointing out "the unanswered discovery pervade[d] every aspect of [Miri's] burden of proof." Thus, "even the imposition of evidence sanctions would effectively bar [her] from opposing summary judgment or proving her case at trial." This made proceeding further with the case pointless and would "unfairly force defendant to incur additional" fees and costs, as well as consume "further unnecessary expenditure of judicial resources." The court therefore imposed terminating sanctions and ordered the case dismissed with prejudice.

In short, as this recitation shows, the trial court's orders provide a textbook example of clarity, restraint and ample warning prior to the imposition of terminating sanctions. The court's findings are also amply supported by its express references to the *evidence* before it. That Miri may dispute this evidence is unavailing, as it was the sole province of the trial court to make credibility determinations, and the court plainly credited the evidence submitted by AlignerCo in support of its motions. (See *In re*

8

*Marriage of Berman* (2017) 15 Cal.App.5th 914, 920 [" 'it is well established that the trial court weighs the evidence and determines issues of credibility and these determinations and assessments are binding and conclusive on the appellate court' "].)  Accordingly, even if Miri had not waived her claims on appeal on multiple grounds, she could not demonstrate any error of law or abuse of discretion by the trial court.

## DISPOSITION

The judgment of dismissal with prejudice is AFFIRMED.  Costs on appeal to respondent.

_____
Banke, J.

We concur:

_____
Humes, P. J.

_____
Smiley, J.

A17222, Miri v. AlignerCo